ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   LES JANKEY
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

**ORIGINAL FILED**

MAY 1 1 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

9                 UNITED STATES DISTRICT COURT      **WDB**

10               NORTHERN DISTRICT OF CALIFORNIA

11  LES JANKEY, an individual; and          )   **CASE NO. 09            2056**
12  DISABILITY RIGHTS, ENFORCEMENT,  )   **Civil Rights**
    EDUCATION, SERVICES:HELPING YOU)
13  HELP OTHERS, a California public benefit )   **COMPLAINT FOR INJUNCTIVE RELIEF**
    corporation,                            )   **AND DAMAGES:**
14                                          )
           Plaintiffs,                      )   **1st CAUSE OF ACTION:** For Denial of Access
15                                          )   by a Public Accommodation in Violation of the
                                            )   Americans with Disabilities Act of 1990 (42
16  v.                                      )   U.S.C. §12101, *et seq.*)
                                            )
17                                          )   **2nd CAUSE OF ACTION:** For Denial of Full
    BART Y. LAU, TRUSTEE; JINDART      )   and Equal Access in Violation of California
18  LAU, TRUSTEE; BENJAMIN C.K. LAU,   )   Civil Code §§54, 54.1 and 54.3
    TRUSTEE; FRANCIS T. H. LAU,         )
19  TRUSTEE; JOANNE M.H. LAU,           )   **3rd CAUSE OF ACTION:** For Denial of
    TRUSTEE; GARY T.Y. LAU, TRUSTEE;   )   Accessible Sanitary Facilities in Violation of
20  LINDA C. LAU, TRUSTEE; LAWRENCE )   California Health & Safety Code §19955, *et seq.*
    Y. K. LAU, TRUSTEE; AMY L. KO LAU, )
21  TRUSTEE; SABINA W.M., TRUSTEE OF )   **4th CAUSE OF ACTION:** For Denial of
    THE SABINA WAI MAI LAU              )   Access to Full and Equal Accommodations,
22  REVOCABLE TRUST DATED JUNE        )   Advantages, Facilities, Privileges and/or
    20,1995, a.k.a. AMISHA INDIAN CUISINE)   Services in Violation of California Civil Code
23                                          )   §51, *et seq.* (The Unruh Civil Rights Act)
           Defendants.                      )
24  _____

25
26                                              **DEMAND FOR JURY**
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3   corporation (hereinafter sometimes referred to as "DREES"), complain of defendants BART Y.

4   LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS

5   T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE;

6   LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU,

7   TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE

8   TRUST DATED JUNE 20,1995, a.k.a. AMISHA INDIAN CUISINE, and allege as follows:

9   **INTRODUCTION:**

10   1.   This is a civil rights action for discrimination against persons with physical

11   disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

12   for failure to remove architectural barriers structural in nature at defendants' AMISHA INDIAN

13   CUISINE, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

14   class of other similarly situated persons with physical disabilities access to, the full and equal

15   enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

16   accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

17   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

18   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

19   2.   Plaintiff LES JANKEY is a person with physical disabilities who, on or about

20   January 30, 2009, February 5, 2009 and April 1, 2009, was an invitee, guest, patron, customer at

21   defendants' AMISHA INDIAN CUISINE, in the City of San Francisco, California.  At said time

22   and place, defendants failed to provide proper legal access to the Indian restaurant, which is a

23   "public accommodation" and/or a "public facility" including, but not limited to the entrance,

24   men's restroom and women's restroom. The denial of access was in violation of both federal and

25   California legal requirements, and plaintiff LES JANKEY suffered violation of his civil rights to

26   full and equal access, and was embarrassed and humiliated.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1924 Irving Street, San Francisco, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff LES JANKEY is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff LES JANKEY is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff has a congenital deformity of both lower extremities.  Plaintiff LES JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES JANKEY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff LES JANKEY, will or have been guests and invitees at the subject AMISHA INDIAN CUISINE, and that the interests of plaintiff DREES in removing architectural barriers at the subject restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995  (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as AMISHA INDIAN CUISINE, located at/near 1924 Irving Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9.      At all times relevant to this complaint, defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 , own and operate in joint venture the subject AMISHA INDIAN CUISINE as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.     At all times relevant to this complaint, defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 are jointly and severally responsible to identify and remove architectural barriers at the subject AMISHA INDIAN CUISINE pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The AMISHA INDIAN CUISINE, is a restaurant, located at/near 1924 Irving Street, San Francisco, California.  The AMISHA INDIAN CUISINE, its entrance, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the AMISHA INDIAN CUISNE and each of its facilities, its entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).   .

12.     At all times stated herein, plaintiff LES JANKEY was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the AMISHA INDIAN CUISINE as being handicapped accessible and handicapped usable.

14.     On or about January 30, 2009, February 5, 2009 and April 1, 2009, plaintiff LES JANKEY was an invitee and guest at the subject AMISHA INDIAN CUISINE, for purposes of having food and beverage.

15.     On or about January 30, 2009, February 5, 2009 and April 1, 2009, plaintiff LES JANKEY struggled to gain entrance to AMISHA INDIAN CUISINE due to excessive front door pressure.

16.     On or about January 30, 2009, plaintiff LES JANKEY needed to use the restroom at AMISHA INDIAN CUISINE.  Plaintiff LES JANKEY approached the men's restroom and found that it was not accessible.

17.     On or about February 5, 2009, plaintiff LES JANKEY had need to use the men's restroom.  Plaintiff LES JANKEY approached the men's restroom and was told by a person he believed to be the manager that it was not accessible to a wheelchair user.  This person directed plaintiff LES JANKEY to use the women's restroom.

///

18.     At said time and place, plaintiff LES JANKEY attempted to use the elements within the women's restroom.  Plaintiff LES JANKEY stressed and strained himself while attempting to use the water closet.

19.     On or about February 23, 2009, plaintiff LES JANKEY wrote the landlord and the tenant about the men's and women's restroom.  Plaintiff LES JANKEY suggested making both unisex and making the existing women's restroom the accessible one.  Plaintiff LES JANKEY did not receive a response.

20.     On or about April 1, 2009, plaintiff LES JANKEY returned to AMISHA INDIAN CUISINE.  The front door pressure was still excessive.  When plaintiff LES JANKEY had need to use the restroom, he saw that the signs for the restrooms had been changed.  The men's restroom was now the women's, and the women's was now designated the men's restroom.

21.     However, nothing was changed in what is now the men's restroom.  No grab bars or other accessible elements had been installed.   Plaintiff LES JANKEY stressed and strained to use the water closet.

22.     Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject AMISHA INDIAN CUISINE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

     a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

     b.    lack of a handicapped-accessible women's public restroom;

     c.    lack of a handicapped-accessible men's public restroom;

     d.    lack of reduced door pressure throughout; and

     e.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       23.    At all times stated herein, the existence of architectural barriers at defendants'

2  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

3  with the Americans with Disabilities Act of 1990 either then, now or in the future.

4       24.    On or about February 23, 2009, defendant(s) were sent two (2) letters by or on

5  behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a

6  response within 14 days and requesting remedial measures be undertaken within 90 days or an

7  explanation of why the time limit set could not be met and/or extenuating circumstances. Said

8  letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

9  fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in

10 an early and reasonable resolution of the matter.

11      25.    At all times stated herein, defendants, and each of them, did not act as reasonable

12 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

13 removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from

14 receiving the same goods and services as able bodied people and some of which may and did pose

15 a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

16 defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

17 bodily injury.

18      26.    As a legal result of defendants BART Y. LAU, TRUSTEE; JINDART LAU,

19 TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE

20 M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE;

21 LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M.,

22 TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 's

23 failure to act as a reasonable and prudent public accommodation in identifying, removing or

24 creating architectural barriers, policies, practices and procedures that denied access to plaintiffs

25 and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff LES JANKEY  suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about January 30, 2009 and February 5, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing original women's restroom (later converted to the men's) by not placing grab bars in the restroom both before and more importantly after request by plaintiff LES JANKEY, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet.

28.     Further, plaintiff LES JANKEY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

29.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     Plaintiff LES JANKEY and the membership of DREES were denied their rights to equal access to a public facility by defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, because defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, men's restroom, women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

31.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

32.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the AMISHA INDIAN CUISINE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the restaurant as a public facility.

33.     Plaintiffs seek damages for violation of their civil rights on  January 30, 2009,  February 5, 2009 and April 1, 2009  and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | deterred plaintiff LES JANEY from returning to the subject public accommodation because of his

2 | knowledge and/or belief that neither some or all architectural barriers had been removed and that

3 | said premises remains inaccessible to persons with disabilities whether a wheelchair user or

4 | otherwise.

5 |      34.    On information and belief, defendants have been negligent in their affirmative duty

6 | to identify the architectural barriers complained of herein and negligent in the removal of some or

7 | all of said barriers.

8 |      35.    Because of defendants' violations, plaintiffs and other persons with physical

9 | disabilities are unable to use public facilities such as those owned and operated by defendants on a

10 | "full and equal" basis unless such facility is in compliance with the provisions of the Americans

11 | with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

12 | other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

13 | defendants to make the restaurant accessible to persons with disabilities.

14 |      36.    On information and belief, defendants have intentionally undertaken to modify and

15 | alter existing building(s), and have failed to make them comply with accessibility requirements

16 | under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

17 | of them, in failing to provide the required accessible public facilities at

18 | the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

19 | despicable conduct carried out by defendants, and each of them, with a willful and conscious

20 | disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

21 | trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

22 | profound example of defendants, and each of them, to other operators and landlords of other

23 | restaurants and other public facilities, and to punish defendants and to carry out the purposes of

24 | the Civil Code §§ 51, 51.5 and 54.

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37.     Plaintiffs are informed and believe and therefore allege that defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, and each of them, caused the subject building(s) which constitute the AMISHA INDIAN CUISINE  to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the restaurant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the subject restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

38.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the AMISHA INDIAN CUISINE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
///

1   Defendants' failure, under state and federal law, to make the AMISHA INDIAN CUISINE

2   accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

3   other similarly situated persons with disabilities.  Despite being informed of such effect on

4   plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

5   defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

6   situation and to provide full and equal access for plaintiffs and other persons with physical

7   disabilities to the restaurant.  Said defendants, and each of them, have continued such practices, in

8   conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

9   the date of filing of this complaint, and continuing thereon.  Defendants had further actual

10  knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

11  to the defendants and served concurrently with the summons and complaint.  Said conduct, with

12  knowledge of the effect it was and is having on plaintiffs and other persons with physical

13  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

14  plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

15  Civil Code §§52 and 54.3.

16          39.     Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

17  disability community which it serves, consisting of persons with disabilities, would, could and

18  will return to the subject public accommodation when it is made accessible to persons with

19  disabilities.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEYand DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive)
(42 U.S.C. §12101, *et seq.*)

40.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39 of this complaint.

41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

42.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §2181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

44.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

45.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

///

     (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

     (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

46.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of AMISHA INDIAN CUISINE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

///

48.     On information and belief, construction work on, and modifications of, the subject building(s) of AMISHA INDIAN CUISNE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

49.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

50.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on or about April 1, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

51.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
corporation, and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU,
TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE;
JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU,
TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE;
SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST
DATED JUNE 20,1995, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

52.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

allegations contained in paragraphs 1 through 51 of this complaint.

53.    At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical handicap

or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as
> the general public to full and free use of the streets, highways,
> sidewalks, walkways, public buildings, medical facilities, including
> hospitals, clinics, and physicians' offices, and other public places.

54.    California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities, including
> hospitals, clinics, and physicians' offices, and privileges of all
> common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation, and
> applicable alike to all persons.
>
> Civil Code §54.1(a)(1)

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    55.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3             (d) A violation of the right of an individual under the
          Americans with Disabilities Act of 1990 (Public Law 101-336) also
4         constitutes a violation of this section, and nothing in this section
          shall be construed to limit the access of any person in violation of
5         that act.

6         Civil Code §54.1(d)

7    56.    Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within

8  the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the

9  defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

10  architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12  continue to be denied full and equal access to defendants' AMISHA INDIAN CUISINE.  As a

13  legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

14  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

15  deterred from visiting the restaurant because of their knowledge and belief that the restaurant is

16  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

17         Any person or persons, firm or corporation, who denies or interferes
          with admittance to or enjoyment of the public facilities as specified
18         in Sections 54 and 54.1 or otherwise interferes with the rights of an
          individual with a disability under Sections 54, 54.1 and 54.2 is
19         liable for each offense for the actual damages and any amount as
          may be determined by a jury, or the court sitting without a jury, up
20         to a maximum of three times the amount of actual damages but in
          no case less than . . .one thousand dollars ($1,000) and . . .
21         attorney's fees as may be determined by the court in addition
          thereto, suffered by any person denied any of the rights provided in
22         Sections 54, 54.1 and 54.2.

23         Civil Code §54.3(a)

24    57.    On or about January 30, 2009, February 5, 2009 and April 1, 2009, plaintiff LES

25  JANKEY suffered violations of Civil Code §§54 and 54.1 in that plaintiff LES JANKEY was

26  denied access to entrance, men's restroom, women's restroom and other public facilities as stated

27  herein at the AMISHA INDIAN CUISINE and on the basis that plaintiff LES JANKEY was a

28  person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.   As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered physical discomfort, bodily injury on or about January 30, 2009 and February 5, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing original women's restroom (later converted to the men's) by not placing grab bars in the restroom both before and more importantly after request by plaintiff LES JANKEY, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet.

59.   Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

60.   Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about January 30, 2009, February 5, 2009 and April 1, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61. As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.** **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive)
(Health & Safety Code §19955, *et seq.*)

62. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 61 of this complaint.

63. Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

64.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the AMISHA INDIAN CUISINE  and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the AMISHA INDIAN CUISINE and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

65.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject restaurant and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

///
///
///
///
///
///

66.     Restaurants such as the AMISHA INDIAN RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

67.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

68.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

69.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
           EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3          AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
           SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
           EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5          corporation, and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU,
           TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE;
6          JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU,
           TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE;
7          SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST
           DATED JUNE 20,1995, inclusive)
8          (Civil Code §51, 51.5)

9          70.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

10  allegations contained in paragraphs 1 through 69 of this complaint.

11         71.     Defendants' actions and omissions and failure to act as a reasonable and prudent

12  public accommodation in identifying, removing and/or creating architectural barriers, policies,

13  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

14  Unruh Act provides:

15              This section shall be known, and may be cited, as the Unruh
                Civil Rights Act.
16
17              All persons within the jurisdiction of this state are free and
                equal, and no matter what their sex, race, color, religion, ancestry,
                national origin, or **disability** are entitled to the full and equal
18              accommodations, advantages, facilities, privileges, or services in all
                business establishments of every kind whatsoever.
19
20              This section shall not be construed to confer any right or
                privilege on a person that is conditioned or limited by law or that is
                applicable alike to persons of every sex, color, race, religion,
21              ancestry, national origin, or **disability.**

22              Nothing in this section shall be construed to require any
                construction, alteration, repair, structural or otherwise, or
23              modification of any sort whatsoever, beyond that construction,
                alteration, repair, or modification that is otherwise required by other
24              provisions of law, to any new or existing establishment, facility,
                building, improvement, or any other structure . . . nor shall anything
25              in this section be construed to augment, restrict, or alter in any way
                the authority of the State Architect to require construction,
26              alteration, repair, or modifications that the State Architect otherwise
                possesses pursuant to other . . . laws.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

72.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,
> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of
> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,
> suppliers, or customers.

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,
> limited liability company, or company.

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

73.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the

2   Americans with Disabilities Act at §40, *et seq*., as if repled herein.

3        74.     As a legal result of the violation of plaintiff LES JANKEY's  civil rights as

4   hereinabove described, plaintiff LES JANKEY has suffered general damages, bodily injury on or

5   about January 30, 2009 and February 5, 2009, including, but not limited to, fatigue, stress, strain

6   and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

7   through architectural barriers.  Specifically, as a legal result of defendants negligence in the

8   design, construction and maintenance of the existing original women's restroom (later converted

9   to the men's) by not placing grab bars in the restroom both before and more importantly after

10  request by plaintiff LES JANKEY, plaintiff suffered continuous, repetitive and cumulative trauma

11  to his upper extremities while attempting to use the water closet.

12       75.     Further, plaintiff LES JANKEY suffered physical injury, emotional distress (all to

13  plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

14  Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil

15  Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

16  and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

17  according to proof if deemed to be the prevailing party.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive, to make the AMISHA INDIAN CUISINE, located at 1924 Irving Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs LES JANKEY  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.       For injunctive relief, compelling defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive, to make the AMISHA INDIAN CUISINE, located at 1924 Irving Street, San Francisco California, readily accessible to and usable by individuals with disabilities, per state law.

2.       Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.       Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.       Treble damages pursuant to Civil Code §54.3;

5.       General damages according to proof;

6.       For all costs of suit;

7.       Prejudgment interest pursuant to Civil Code §3291; and

8.       Such other and further relief as the court may deem just and proper.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995, inclusive, to make the AMISHA INDIAN CUISINE, located at 1924 Irving Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants BART Y. LAU, TRUSTEE; JINDART LAU, TRUSTEE; BENJAMIN C.K. LAU, TRUSTEE; FRANCIS T. H. LAU, TRUSTEE; JOANNE M.H. LAU, TRUSTEE; GARY T.Y. LAU, TRUSTEE; LINDA C. LAU, TRUSTEE; LAWRENCE Y. K. LAU, TRUSTEE; AMY L. KO LAU, TRUSTEE; SABINA W.M., TRUSTEE OF THE SABINA WAI MAI LAU REVOCABLE TRUST DATED JUNE 20,1995 , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     7.      Such other and further relief as the court may deem just and proper.

2

3   Dated: _April 13_, 2009          THOMAS E. FRANKOVICH,
4                                     A PROFESSIONAL LAW CORPORATION

5

6                                 By: _____

7                                     THOMAS E. FRANKOVICH
                                      Attorneys for Plaintiffs LES JANKEY and
8                                     DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                      SERVICES: HELPING YOU HELP OTHERS, a California
9                                     public benefit corporation

10

11

12
                              **DEMAND FOR JURY TRIAL**
13

14          Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

15  Dated: _April 13_, 2009          THOMAS E. FRANKOVICH,
                                      A PROFESSIONAL LAW CORPORATION
16

17                                By: _____

18                                    THOMAS E. FRANKOVICH
                                      Attorneys for Plaintiffs LES JANKEY and
19                                    DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                      SERVICES: HELPING YOU HELP OTHERS, a California
20                                    public benefit corporation

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                              31

# EXHIBIT A

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Manager
Amisha Indian Cuisine
1924 Irving Street
San Francisco, CA 94122

Dear Manager of Amisha:

Recently, I visited Amisha. As I use a wheelchair, I had problems with the men's restroom the first time I was there I couldn't get in. The second time I was there, manager said to use the women's restroom. But it's a bit absurd and embarrassing using the women's restroom, because women don't expect you in it, some probably don't like the idea. Some are just surprised. You know what I mean. You just don't know what to expect. Even though the women's restroom is big, there are no grab bars and other things need to be checked. What I think you should do is make both restrooms unisex and fix the women's up to be the accessible one. Good idea, don't you think? It would be easy to do and cheap.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Amisha once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. I'm having my friend Craig Yates send you my letter. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Owner of Building
Amisha Indian Cuisine
1924 Irving Street
San Francisco, CA 94122

Dear Owner of Building for Amisha:

Recently, I visited Amisha. As I use a wheelchair, I had problems with the men's restroom the first time I was there I couldn't get in. The second time I was there, manager said to use the women's restroom. But it's a bit absurd and embarrassing using the women's restroom, because women don't expect you in it, some probably don't like the idea. Some are just surprised. You know what I mean. You just don't know what to expect. Even though the women's restroom is big, there are no grab bars and other things need to be checked. What I think you should do is make both restrooms unisex and fix the women's up to be the accessible one. Good idea, don't you think? It would be easy to do and cheap.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Amisha once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. I'm having my friend Craig Yates send you my letter. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey